# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RODNEY LAMAR DOBY                                                          PETITIONER

v.                            NO. 5:08CV00329 SWW/HDY

LARRY NORRIS, Director of the                              RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## DISPOSITION

<u>STATE COURT PROCEEDINGS</u>.  On February 23, 2004, petitioner Rodney Lamar Doby ("Doby") pleaded guilty in Hot Spring County, Arkansas, Circuit Court to a charge of kidnaping and was sentenced to ten years in the custody of respondent Larry Norris ("Norris"), the Director of the Arkansas Department of Correction ("ADC").  Doby represents that at the time of his sentencing, he believed that he would only have to serve one-third of his sentence before becoming eligible for parole on the sentence.[1]

On March 8, 2005, Doby was released on parole.  His parole was subsequently revoked, and he was eventually returned to Norris' custody.

Upon Doby's return to Norris' custody, it was discovered that a mistake had been made with regard to Doby's eligibility for parole on the sentence for kidnaping.  On May 24, 2007, Doby was notified in an ADC Inter-Office Communication of the following:

> As of this date, your release date has changed due to reflect the Kidnapping charge (docket #2003-90) should have been entered under sentence Act 1805 (not eligible for parole [or] good time) due to prior charge of Unlawful [Discharge] of a Firearm from a Vehicle.  If you have any questions pertaining to this matter you should contact the Centralized Records Division of ADC.

<u>See</u> Document 11, Exhibit 6.

---

[1] His belief was well-founded.  An ADC Time Computation Summary reflects that he was to serve only one-third of the sentence for kidnaping before becoming eligible for parole on the sentence.  <u>See</u> Document 1 at 12.

On February 8, 2008, Doby filed a motion in Hot Spring County, Arkansas, Circuit Court to reconsider or modify his sentence for kidnaping. He maintained that the sentence should be reconsidered or modified because he pleaded guilty believing that he would only have to serve one-third of the sentence before becoming eligible for parole on the sentence. The motion was denied on April 1, 2008, when he was notified that the trial court judge had no jurisdiction to reconsider or modify the sentence.

FEDERAL COURT PROCEEDINGS. On December 5, 2008, Doby signed the pending petition for writ of habeas corpus. Liberally construing his pro se petition, he advanced the following claims: (1) his plea of guilty to kidnaping was not knowingly and voluntarily entered because he entered it believing that he would only have to serve one-third of the sentence before becoming eligible for parole on the sentence; (2) Act 1805 of 2001, codified at Ark. Code Ann. 16-93-609, does not apply to the sentence for kidnaping; and (3) alternatively, ADC officials should be compelled to honor the parole mis-calculation he initially received.[2]

---

[2] It appears to be the parties' understanding that Doby filed his petition pursuant to 28 U.S.C. 2254. Doby's first claim–that his plea of guilty to kidnaping was not knowingly and voluntarily entered because he entered it believing that he would only have to serve one-third of the sentence before becoming eligible for parole on the sentence–clearly fits within the ambit of the statute as the claim attacks his conviction for kidnaping. With regard to his claims challenging the scope and permitted application of Act 1805, it is not as clear. Doby's second and third claims–that the provisions of Act 1805 do not apply to the sentence he received for kidnaping, and that ADC officials should be compelled to honor the parole mis-calculation he initially received–are not attacks on his conviction for kidnaping. They are instead attacks on events that occurred after he was sentenced. Claims of that nature are more appropriately raised in a petition pursuant to 28 U.S.C. 2241. Thus, it appears that Doby has raised claims that are appropriately raised in two different types of petitions.

Norris thereafter filed a response to the petition. In the response, he maintained, <u>inter</u> <u>alia</u>, that Doby's petition is barred by limitations.

At the invitation of the undersigned, Doby filed a reply to Norris' response. Doby's reply was in the form of the pending motion to dismiss. <u>See</u> Document 14. In the motion, he asked that his petition be dismissed <u>without</u> <u>prejudice</u> so that he might "re-enter state court … to exhaust his remedies, as have been made apparent to [him]." <u>See</u> Document 14 at 4.

Norris subsequently filed a response to the motion. He maintained in the response that he has no objection to the dismissal of the petition but that it must be dismissed <u>with</u> <u>prejudice</u>. In support of that assertion, he maintained that "[t]he statute of limitations … began to run on May 24, 2007, when Doby was sent notice that Act 1805 … applied to his [sentence for kidnaping] and, therefore, he would not be eligible for parole for that conviction. This was the date on which the factual predicate of his claim reasonably could have been discovered by the exercise of due diligence." <u>See</u> Document 15 at 2.

The undersigned briefly examined Doby's petition, the pending motion to dismiss, and Norris' response to the motion. The undersigned could not ascertain from those submissions when Doby had been notified that he was ineligible for parole on the sentence for kidnaping. For that reason, the undersigned invited Norris to buttress his assertion that Doby had been notified on May 24, 2007.

Norris accepted the invitation by filing a response in which he attached a copy of the ADC Inter-Office Communication that was sent to Doby on May 24, 2007.[3] As the undersigned noted above, Doby was notified in the document that he was ineligible for parole on the sentence for kidnaping as Act 1805 required him to serve the entire ten year sentence.

The undersigned has now thoroughly reviewed the parties' submissions. On the basis of that review, and for the reasons that follow, the undersigned recommends that Doby's motion to dismiss be denied and that his petition be dismissed <u>with</u> <u>prejudice</u>.

<u>LIMITATIONS</u>. A state prisoner has one year during which he must commence a proceeding pursuant to 28 U.S.C. 2254 and/or 28 U.S.C. 2241. <u>See</u> 28 U.S.C. 2244(d).[4] If he fails to commence it within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the events that trigger the commencement of the one year period, which in this instance was "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." <u>See</u> 28 U.S.C. 2244(d)(1)(D).

---

[3] Norris submitted a copy of the ADC Inter-Office Communication in his response to Doby's petition. <u>See</u> Document 11, Exhibit 6. Because the undersigned only reviewed Doby's petition and subsequent motion to dismiss, and Norris' response to that motion, the undersigned never reviewed the ADC Inter-Office Communication attached to Norris' response to Doby's petition.

[4] 28 U.S.C. 2244(d) applies equally to petitions pursuant to section 2254 and petitions pursuant to section 2241. <u>See</u> <u>Owens v. Boyd</u>, 235 F.3d 356, 360 (7th Cir.2000).

On what date could Doby have discovered through the exercise of due diligence that he was ineligible for parole on the sentence for kidnaping? It is now undisputed that on May 24, 2007, ADC officials notified him in an Inter-Office Communication that Act 1805 applied to his sentence for kidnaping and thereby precluded his parole on the sentence. Although 28 U.S.C. 2244(d)(1)(D) does not require a showing of actual notice and/or of actually knowing of the factual predicate of the claims presented, it is now undisputed that he actually knew of the application of Act 1805 to his sentence for kidnaping by May 30, 2007. On that day, he signed a form requesting an interview with an ADC official to discuss the fact that he had a "new time card showing [he has] to do [five] more years [on his kidnaping sentence]." See Document 11, Exhibit 7.

Giving Doby the benefit of all doubts, the undersigned finds that the one year period commenced on May 30, 2007, the day he signed his request for an interview, and he had until May 30, 2008, to file a petition in federal court pursuant to 28 U.S.C. 2254 and/or 28 U.S.C. 2241.[5] He did nothing in federal court until he signed the petition at bar on December 5, 2008. He therefore did not commence this proceeding within the one year period, and his petition should be dismissed unless he can show that the period was tolled for a sufficient amount of time or that the period should be deemed to have been equitably tolled.

---

[5] The filing deadline falls on the anniversary date of the triggering event. See Wright v. Norris, 299 F.3d 926 (8th Cir. 2002).

28 U.S.C. 2244(d)(2) provides for the tolling of the limitations period for the time during which a properly filed petition for post-conviction relief or other collateral review is pending. On February 8, 2008, Doby filed a motion in Hot Spring County, Arkansas, Circuit Court to reconsider or modify his sentence for kidnaping on the ground that his plea of guilty was not knowingly and voluntarily entered. The motion was pending until April 1, 2008, when he was notified that the trial court judge had no jurisdiction to reconsider or modify the sentence. Was the motion properly filed for purposes of 28 U.S.C. 2244(d)(2), thereby tolling the limitations period for the time during which the motion was pending? For the reason that follows, the undersigned thinks not.

28 U.S.C. 2244(d)(2) does not provide that the time during which <u>any</u> petition for post-conviction relief or motion for collateral review is pending shall not be counted against the one year period. Rather, it provides that only <u>properly</u> <u>filed</u> petitions or motions warrant such consideration. See <u>Finch v. Miller</u>, 491 F.3d 424 (8th Cir. 2007). A petition and/or motion is not properly filed, and the time it is pending is counted, if it is denied as untimely, <u>see</u> <u>Id</u>., or because it fails to comply with a state's procedural rules. See <u>Walker v. Norris</u>, 436 F.3d 1026 (8th Cir. 2006).

Doby filed his motion on February 8, 2008, or four years after he pleaded guilty to kidnaping. The motion was rejected by the trial court judge because it was untimely. Because it was untimely, it was not properly filed for purposes of 28 U.S.C. 2244(d)(2), and the limitations period was not tolled during the time it was pending.

Notwithstanding the foregoing, the limitations period may be equitably tolled if circumstances warrant. See Finch v. Miller, supra. The undersigned has carefully examined Dody's submissions for some justification for tolling the limitations period. The undersigned can find nothing. It appears that he simply waited too long to commence this proceeding.

RECOMMENDATION. The undersigned finds that Doby commenced this proceeding outside the one year limitations period established by 28 U.S.C. 2244(d). For that reason, the undersigned recommends that his motion to dismiss be denied and that his petition be dismissed with prejudice. Judgment should be entered for Norris.

DATED this __6__ day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE